**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
155 Willowbrook Blvd., Ste. 300
Wayne, NJ 07470
Phone: (973) 256-9000
Fax: (973) 256-9001
*Attorneys for Defendant Vanya Tyrrell*

| | | |
|---|---|---|
| EVELIN APARICIO,<br><br>        Plaintiff,<br><br>v.<br><br>COPPER RIVER SALON, LLC;<br>BARBARA WEIGAND, ROBERT<br>CUMMING, VANYA TYRRELL, JOHN<br>DOES ## 1-5, AND JOHN DOES ## 6-10,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **UNITED STATES DISTRICT<br>COURT FOR THE DISTRICT OF<br>NEW JERSEY**<br><br>CIVIL ACTION NO.<br><br>**NOTICE OF REMOVAL**<br><br>*Document Filed Electronically* |

Pursuant to 28 U.S.C. §§ 1331, 1441(c) and 1446, Defendant Vanya Tyrrell hereby removes this case to the U.S. District Court of New Jersey from the Superior Court of New Jersey, Mercer County. Defendant Tyrrell removes this case on the grounds of federal question jurisdiction. In support of removal, Defendant Tyrrell states as follows:

**A.    REMOVAL IS TIMELY BECAUSE DEFENDANT HAS NOT YET BEEN SERVED**

1.        On February 8, 2021, Plaintiff Evelin Aparicio commenced an action in the Superior Court of New Jersey in Mercer County (*"Aparicio II"*) by filing her Complaint styled *Evelin Aparicio v. Copper River Salon, LLC; Barbara Weigand, Robert Cumming, Vanya Tyrrell, John Does #1-5, and John Does #6-10*, Action No. MER-L-000284-21.[1]

2.        The *Aparicio II* Complaint (the "Complaint") represents Plaintiff's second attempt to avoid a federal forum. Plaintiff previously filed a complaint against the same defendants on

---

[1] The complaint is titled in full as "Collective Action Complaint & Jury Demand."

January 4, 2021, styled *Evelin Aparicio v. Copper River Salon, LLC; Barbara Weigand, Robert Cumming, Vanya Burke Tyrrell, John Does #1-5, and John Does #6-10*, Action No. MER-L-002151-20 (*"Aparicio I"*), asserting the same claims she now seeks to pursue by the present action with the exception of the claims under the Federal Labor Standards Act ("FLSA").[2] *See Aparicio v. Copper River Salon, LLC, et al.*, Civil Action No. 3:21-CV-01998-MAS-LHG, *Aparicio I* Doc. No. 1-3 at 6.[3] On the basis of the FLSA claims, Defendant Tyrrell removed *Aparicio I* to this Court on February 5, 2021. *Aparicio I* Doc. No. 1.

3.       After removal and without seeking remand, on February 8, 2021, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) in *Aparicio I*.[4] *Aparicio I* Doc. No. 2. Plaintiff then, unbeknownst to Defendant Tyrrell, commenced this action (*Aparicio II*) in the Superior Court of New Jersey, which was the re-filing of the previously dismissed claims in *Aparicio I* with the exception of the FLSA claims and a few minor non-substantive changes.[5]

4.       On February 8, 2021, Defendants Copper River Salon, LLC, and Barbara Weigand accepted service of the Complaint. A copy of the Acceptance of Service is attached as **Exhibit A**.

---

[2] Plaintiff initiated *Aparicio I* on November 24, 2020, naming only Defendant Barbara Weigand and John Does #1-5 and #6-10, and filed a First Amended Complaint on January 4, 2021, joining Defendant Tyrrell and Defendant Robert Cumming to the action.

[3] "*Aparicio I* Doc. No." is used when referring to post-removal filings in *Aparicio I*.

[4] Shortly after Plaintiff filed the notice of voluntary dismissal, the Court in *Aparicio I* issued a text notice via email notifying the parties that the civil case has been terminated. The next day, on February 9, 2021, Defendant Tyrrell raised the issue of noncompliance with Rule 41(a)(1)(A)(i) by filing a motion to strike. *Aparicio I* Doc. No. 3. In response, Plaintiff filed a cross-motion for dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(2). *Aparicio I* Doc. No. 5. Since learning of *Aparicio II*, immediately following the instant removal, Defendant Tyrrell will request the Court in *Aparicio I* to withdraw her motion to strike and further indicate that she does not oppose Plaintiff's cross-motion to dismiss.

[5] Plaintiff also corrected Defendant Tyrrell's name in *Aparicio II* by removing "Burke," which is not Defendant Tyrrell's middle name.

5.      On February 25, 2021, Counsel for Plaintiff emailed the undersigned counsel a copy of the Complaint. Defendant Tyrrell has not yet been served.

6.      Removal is timely because Defendant Tyrrell's deadline for removal, as a would-be later-served defendant, has not yet been triggered. *Orlick v. J.D. Carton & Son, Inc.*, 144 F. Supp. 2d 337, 343 (D.N.J. 2001) ("[A]s a later-served defendant, Defendant [] is entitled to thirty days from the date of proper service of process to seek removal."). In any event, removal is timely because this notice is filed within thirty (30) days of Defendant Tyrrell having received a copy of the Complaint. *See Murphy Bros. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

**B.      NATURE OF THE ACTION**

1.      Plaintiff has filed this putative class action on behalf of herself and other employees of Defendant Copper River Salon, LLC (the "Company") asserting that Defendants are liable to her by virtue of the following four categories of alleged misconduct: (1) non-payment of minimum wage, e.g., Complaint ¶ 12, (2) non-payment of overtime, *id.* ¶ 13, (3) non-payment of benefits under "one or more employee retirement plans," *id.* ¶ 16, and (4) alleged violations of record-keeping requirements related to wage statements, including deductions for employee contributions to "one or more employee retirement plan(s)," *id.* at ¶¶ 10-11. Specific to each defendant, Plaintiff asserts:

i.      Defendants John Doe ##1-5 allegedly provided "payroll services and retirement counseling services to Plaintiff[.]" Complaint ¶ 3; and

ii.      Defendants Weigand and John Does ##1-5 were allegedly "responsible for . . . payment of wages to employees of the Company[,]" Complaint ¶ 4; and

3

iii.        Defendant Cumming allegedly provided "financial services to the Company and/or Barbara Weigand, including the development of a Company employee retirement fund[,]" Complaint ¶ 5; and

iv.        Defendant Tyrrell allegedly "acted together with or on behalf of the Company and/or Barbara Weigand to provide accounting and bookkeeping services[,]" Complaint ¶ 6; and

v.        Defendants John Does ##6-10 allegedly "participated in, and were responsible for, selling, forming, funding, and accounting for one or more employee retirement plan(s) in which Company employees were purportedly enrolled and in respect to which the Company took deductions from the employees' paychecks to fund the plan(s)." Complaint ¶ 7.

2.        Regarding employee retirement plans, as incorporated in each of Plaintiff's claims, Plaintiff alleges that "[Defendant Weigand and John Does #1-5] paid their employees by check, but the check failed to state . . . the nature of the deductions taken from the employees' gross pay, including deductions for employee contributions to one or more alleged employment retirement plan(s)." Complaint ¶ 11, 17, 19, 21, 26, 31, 33, 37, 41, 44, 46, & 49.  Plaintiff further alleges that "[u]pon her termination of employment, Plaintiff requested disbursement of funds from her Company sponsored-retirement plan, but [Defendant Weigand and John Does ##1-5] failed to account to Plaintiff for funds deducted from her pay to fund the plan, failed to provide plaintiff access to the plan and its benefits, and failed to reimburse Plaintiff for moneys it deducted from her pay to fund the plan purportedly created for her benefit." Complaint ¶¶ 15, 17, 19, 21, 26, 31, 33, 37, 41, 44, 46, & 49.

3.      Plaintiff asserts the following twelve (12) claims premised on the alleged wrongful conduct above in Section B.1-2: (1)-(2) Counts I and II – New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a; (3) Count III - New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 *et seq.*; (4) Count IV - Consumer Fraud Act, N.J.S.A. 56:8-2 *et seq.*; (5) Count V – Legal and Equitable Fraud; (6) Count VI - Conversion; (7) Count VII - Breach of Fiduciary Duty; (8) Count VIII - Breach of Contract; (9) Count IX - Breach of Good Faith and Fair Dealing; (10) Count X - Negligent Misrepresentation; (11) Count XI - Unjust Enrichment; and (12) Count XII - Restitution.

## C.    VENUE IS PROPER

1.      Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue in the U.S. District Court of New Jersey is proper because the district and division embrace the Superior Court of New Jersey, Mercer County, where this action is currently pending.

## D.    SUBJECT MATTER JURISDICTION PER FEDERAL PREEMPTION UNDER THE FLSA AND ERISA

1.      The "artful pleading' doctrine . . . requires a court to peer through what are ostensibly wholly state claims to discern the federal question lurking in the verbiage." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002).

2.      Despite the absence of an express federal claim, this Court has original jurisdiction pursuant to 28 U.S.C. § 1441 because, at a minimum, Plaintiff's state law claims in Counts V (Legal and Equitable Fraud), VI (Conversion), Count IX (Breach of the Covenant of Good Faith and Fair Dealing, and XII (Restitution)[6] are preempted by the Fair Labor Standards Act of 1938

---

[6] Counts V, VI, IX, and XII are asserted against the "Company Defendants and/or the Plan Defendants," Complaint ¶¶ 30, 32, 43 & 50, which Plaintiff defines earlier in the Complaint to include all Defendants. Specifically, Plaintiff defines the "Company Defendants as Defendants Weigand and Defendants ##1-5," Complaint ¶ 4, and defines the "Plan Defendants" as Defendants "Robert Cumming, LPL Financial, LLC, Vanya Tyrrell, and John Doe Defendants ##6-10," *id* ¶ 7. Defendant Tyrrell notes that LPL Financial, LLC is not listed as a party in the caption of the

("FLSA"), 29 U.S.C. 201 *et seq.*, which arises under the laws of the United States. *See* 28 U.S.C.

§ 1441(c).

       3.      These state law claims are preempted to the extent they are based on the same facts

and circumstances as claims for minimum wage and overtime, which are directly covered by the

FLSA. *See Anderson v. Sara Lee Corp.,* 508 F.3d 181 (4th Cir.2007) (finding plaintiffs' state

common law claims for breach of contract, negligence, and fraud laws premised on non-payment

of minimum wage and overtime were preempted by the FLSA); *Knepper v. Rite Aid Corp.*, 675

F.3d 249, 263 (3d Cir. 2012) (citing the Fourth Circuit's decision in *Anderson* with approval by

stating "[t]he court sensibly declined to allow the plaintiffs to use state non-labor laws to enforce

the substantive provisions of the FLSA[.]"); *Moeck v. Gray Supply Corp.*, No. 03-1950 (WGB),

2006 WL 42368, at *2 (D.N.J. Jan. 6, 2006) (finding state common law claims for fraud and

misrepresentation based on plaintiffs' overtime claims to be preempted by the FLSA).

       4.      For Count V (Legal and Equitable Fraud), Plaintiff asserts that Defendants

"misrepresented to Plaintiffs that the Company Defendants had the intentions (a) to pay their

employees the legally-required minimum wage, (b) to pay their employees the legally-required

overtime rate of pay, (c) to provide retirement plans for Plaintiffs, and (d) to allow Plaintiffs to

contribution to a retirement plan by deductions from their paychecks, to match Plaintiffs'

contributions to said plans with Company contributions, and to do all the foregoing in accordance

with the legally-required documentation and rules and regulations governing retirement plans,

when, in fact, the [Defendants] had no such intentions." Complaint ¶ 27. Plaintiff further asserts

that Defendants are liable to her for legal and equitable fraud because they "refused to pay to

---

Complaint and is therefore not a party to the action. (N.J. Ct. R. 1:4-1(a) ("In a complaint in a civil
action, the title of the action shall include the names of all the parties[.]").)

Plaintiffs the legally-required wage rates and legally-required overtime rates of pay, failed to provide or fund Plaintiffs' alleged retirement plans, and failed to otherwise deliver to Plaintiffs the benefits of their retirement plan(s), as required by law." *Id.* ¶¶ 29-30.

5.      For Count VI (Conversion), Plaintiff incorporates all preceding allegations and proffers the conclusory allegation that Defendants are liable to her for conversion. Complaint ¶¶ 31-32.

6.      For Count IX (Breach of the Covenant of Good Faith and Fair Dealing), Plaintiff asserts Defendants are liable for breach of the implied covenant of good faith and fair dealing based on her assertion that Defendants "withheld funds from Plaintiffs, doing so for no benefit to them, no legitimate purpose, and with bad motive and intention to deprive Plaintiffs of their earned compensation so that the [Defendants] could have exclusive use of the funds of which they deprived Plaintiffs." Complaint ¶ 42.

7.      For Count XII (Restitution), Plaintiff incorporates all preceding allegations and proffers the conclusory allegation that Defendants are liable to her under the equitable doctrine of restitution. Complaint ¶¶ 49-50.

8.      Plaintiff cannot end run around the requirements of the FLSA by dismissing FLSA claims and attempting to use state law to enforce rights which are conferred under the FLSA. *Cf. Knepper*, 675 F.3d at 263 ("We cannot conclude that plaintiffs are doing an 'end run' around the requirements of the FLSA" by pursuing state statutory labor laws that track federal standards). Nor can Plaintiff avoid the broad reach of ERISA's preemption provision. In particular, setting aside the allegations related to non-payment of minimum wage and overtime, the remainder of Plaintiff's claims in Counts V, VI, IX, and XII related to the employee retirement plans are preempted under ERISA for the reasons explained below in Section D.9-20.

9.      Independent of preemption provided by FLSA, this Court also has original

jurisdiction pursuant to 28 U.S.C. § 1441 because, at a minimum, Plaintiff's state law claims in

Counts IV (Consumer Fraud Act), VII (Breach of Fiduciary Duty), VIII (Breach of Contract),

Count X (Negligent Misrepresentation), and Count XI (Unjust Enrichment) are completely

preempted by § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29

U.S.C. § 1132, which arises under the laws of the United States. *See* 28 U.S.C. § 1441(c).

10.      If a claim can be brought under ERISA's civil enforcement scheme in § 502(a),

then the state law claim is completely preempted by ERISA's broad express preemption provision

in § 514(a). *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138-39 (1990). Specifically,

§ 514(a) of ERISA provides that it "shall supersede any and all State laws insofar as they may now

or hereafter relate to any employee benefit plan[.]" 29 U.S.C. § 1144(a).

11.      ERISA's civil enforcement mechanism under § 502(a)(1)(B) and § 502(a)(3)

permits a civil action "to recover benefits due to him under the terms of his plan, to enforce his

rights under the terms of the plan, or clarify his rights to future benefits under the terms of the

plan[,]" 29 U.S.C. § 1132(a)(1)(B), and to "enjoin any act or practice which violates any provision

of this subchapter or the terms of the plan, or (b) to obtain other appropriate equitable relief (i) to

redress such violations or (ii) enforce any provisions of this subchapter or the terms of the plan[.]"

*Id.* at § 1132(a)(3). Plaintiff seeks to accomplish precisely this by seeking to recover benefits she

claims are due under the retirement plans, to require Defendants to account to Plaintiff for their

allegedly failure to distribute funds deducted by them from Plaintiff's compensation to fund the

retirement plans, to require the Defendants to disgorge funds unlawfully obtained by them from

Plaintiffs, and to enjoin Defendants from the alleged wrongful conduct in relation to the retirement

plans. Complaint at 11.I-K.

12.     Upon information and belief, the retirement plans to which Plaintiff refers in the Complaint are covered employee benefit plans under ERISA because they "provide[] retirement income to employees" or "result[] in a deferral of income by employees for periods extending to the termination of covered employment or beyond[,]" 29 U.S.C. § 1002(2)(A), and because the Company is "engaged in commerce or in an[] industry or activity affecting commerce[,]" 29 U.S.C. § 1003(a)(1).

13.     Plaintiff's claims, at a minimum Count IV (Consumer Fraud Act), Count VII (Breach of Fiduciary Duty), Count VIII (Breach of Contract), Count X (Negligent Misrepresentation), and Count XI (Unjust Enrichment)[7] constitute claims related to an ERISA plan in that they are derived entirely from the failure to create, fund, or properly manage ERISA plans. Complaint ¶¶ 22-24, 34-35, 38-40, 45 & 47.

14.     For Count IV (Consumer Fraud Act), Plaintiff asserts Defendants violated the Consumer Fraud Act because they allegedly "offered for sale" the retirement plans, "promised distributions therefrom," "purported to implement a retirement plan," "solicited and obtained from such employees' authorization to make deductions from the employees' paychecks," "made deductions from the employees' paychecks," and "instead of depositing the funds into the employees' retirement accounts, the [Defendants] withheld the funds from the employees' retirement accounts and used the funds for the benefit of the [Defendants]." Complaint ¶¶ 22-24.

15.     For Count VII (Breach of Fiduciary Duty), Plaintiff asserts Defendants "breached their fiduciary duties to Plaintiffs by withholding funds said Defendants deducted from Plaintiffs' compensation, by failing and refusing to match the deductions with the Company's contributions

---

[7] Because Counts IV, VII, VIII, X, and XI are asserted against the "Company Defendants and/or the Plan Defendants," Complaint ¶¶ 22-24, 34-35, 38-40, 45 & 47, these counts are asserted against all Defendants. *See* Note 6, *supra*.

to Plaintiffs' alleged retirement plans, and by diverting all such funds to the exclusive use of" the

Defendants. Complaint ¶ 35.

16.     For Count VIII (Breach of Contract), Plaintiff asserts Defendants' alleged

"diversion of retirement trust funds" constituted a breached of their contract with the employees.

Complaint ¶ 40.

17.     For Count X (Negligent Misrepresentation), Plaintiff asserts Defendants allegedly

"made incorrect statement concerning their intentions and development of retirement plans for

Plaintiffs on which Plaintiffs justifiably relied, to their economic damage, and the [Defendants]

are therefore liable to Plaintiffs for negligent misrepresentation." Complaint ¶¶ 44, 45.

18.     For Count XI (Unjust Enrichment), Defendants are alleged to have "unlawfully

obtained funds of Plaintiffs and wrongfully retained and used said funds for the advantage of the

[Defendants], to the exclusion of the Plaintiffs." Complaint ¶¶ 46, 47.

19.     "[A]ny state-law cause of action that duplicates, supplements, or supplants the

ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA

remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209

(2004). Because Plaintiff is attempting to enforce her alleged rights under ERISA, Plaintiff's

claims fall within the scope of ERISA's civil enforcement mechanism such that Plaintiff's state

law claims are completely preempted, converted into federal ones for the purposes of the well-

pleaded complaint rule, and removable. *See id.* (citing *Metropolitan Life Ins. Co. v. Taylor*, 481

U.S. 58, 65-66 (1987)).

20.     To the extent Plaintiff's state law claims are not preempted by the FLSA or ERISA,

this Court may exercise supplemental jurisdiction over those other claims because the claims are

so related to the claims preempted by the FLSA and ERISA that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367.

### E.    COMPLIANCE WITH THE RULE OF UNAMINITY

1.    Defendants Copper River Salon, LLC, and Barbara Weigand consent to the removal of this action. A copy of the email exchange memorializing this consent as between Counsel for Defendant Tyrrell and Counsel for Defendants Copper River Salon, LLC and Barbara Weigand is attached as **Exhibit B**.

2.    Defendant Cumming's consent is not required because, on information and belief, he has not be served as of the date of removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal").

3.    The consent of Defendants John Does ##1-5 and #6-10 is not required because they are unknown persons or entities. *Granovsky*, 631 F. Supp. 2d at 563 ("The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown . . . party[.]")

4.    Because Defendants Copper River Salon, LLC and Barbara Weigand consent to the removal, and consent from the other co-defendants is not required, the rule of unanimity is satisfied. *See* 28 U.S.C. § 1446(b)(2)(A).

### F.    COMPLIANCE WITH OTHER PROCEDURAL REQUIREMENTS

1.    A copy of all process, pleadings, and orders received by Defendant Tyrrell are attached as **Exhibit C**, and **Exhibit A**, *supra*. *See* 28 U.S.C. § 1446(a).

2.    In accordance with 28 U.S.C. § 1446(d), and as reflected by the Certificate of Service filed together with this Notice, Defendant Tyrrell will simultaneously file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Mercer County, and will

provide written notice of the filing of this Notice of Removal to Counsel for Plaintiff, and

Defendants Copper River Salon, LLC and Barbara Weigand.

**G.    CONCLUSION**

WHEREFORE, having fulfilled all statutory requirements, Defendant Tyrrell removes this

action to this Court from the Superior Court of New Jersey, Mercer County, and requests that this

Court assume full jurisdiction over the matter as provided by law.

Dated: March 8, 2021                                      Respectfully submitted,

                                         **Schoeman Updike Kaufman & Gerber
                                         LLP**
                                         *Attorneys for Defendant Vanya Tyrrell*


                                         By: _/s/ Ola A. Nunez_____
                                             Ola A. Nunez

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Mercer County, which is the subject of this Notice of Removal, the matter in controversy is also the subject of *Evelin Aparicio v. Copper River Salon, LLC; Barbara Weigand, Robert Cumming, Vanya Tyrrell, John Does #1-5, and John Does #6-10*, Action No. 3:21-cv-01998, pending in this Court.

To the best of Defendant Vanya Tyrrell's knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
*Attorneys for Defendant Vanya Tyrrell*

By:    _/s/ Ola A. Nunez__
      Ola A. Nunez

Dated:  March 8, 2021

## <u>CERTIFICATE OF SERVICE</u>

The certify that I have, on this date, served a true and correct copy of the foregoing Notice of Removal, with exhibits, by filing it on the Court's e-Filing System, and by sending it via U.S. Mail, postage prepaid, and email to the following:

Roger Martindell
245 Nassau Street
Princeton, NJ 085340
(609) 921-3355
martindell.law@gmail.com

*Attorney for Evelin Aparicio*


James P. Manahan
Bernstein & Manahan, LLC
3131 Princeton Pike, Bldg. 4, Ste. 206
Lawrenceville, NJ 08648
(609) 895-9001
james@manahan.com

*Attorney for Defendants Copper River Salon, LLC, and Barbara Weigand*

I further certify that I have, on this date, filed a true and correct copy of the foregoing Notice of Removal with the Clerk of the Superior Court of New Jersey, Mercer County.


**Schoeman Updike Kaufman & Gerber LLP**
*Attorneys for Defendant Vanya Tyrrell*


Dated: March 8, 2021                    By: __/s/ Ola A. Nunez_____
                                            Ola A. Nunez