**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVELIN APARICIO,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>COPPER RIVER SALON, LLC, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 21-4447 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court on Plaintiff Evelin Aparicio's ("Plaintiff") Motion to Remand. (ECF No. 4.) Defendant Vanya Tyrrell ("Tyrrell") opposed (ECF No. 12), and Plaintiff replied (ECF No. 13). The Court has carefully considered the parties' submissions and decides this matter without oral argument under Local Civil Rule 78.1. For the reasons stated below, the Court grants Plaintiff's Motion.

**I.　　BACKGROUND**

　　Plaintiff worked as a hair stylist at Defendant Copper River Salon & Spa in Princeton, New Jersey, from December 2016 through February 2020.[1] (Notice of Removal Ex. C, Compl. ¶¶ 1, 8, 10-11, ECF No. 1-3.) Plaintiff alleges that during her employment, Defendants failed to provide

---

[1] Defendant Copper River Salon, LLC does business as Copper River Salon & Spa ("Copper River"). (Compl. ¶ 1.) Tyrrell, one of four named defendants in this matter, provided accounting and bookkeeping services for Copper River. (*Id.* ¶ 6) The other named Defendants in this matter are Barbara Weigand ("Weigand"), Copper River's Chief Operations Officer, manager, and sole member, and Robert Cumming ("Cumming"), who provided financial services to Copper River. (*Id.* ¶¶ 1-2, 5.) Copper River, Tyrrell, Weigand, and Cumming are collectively referred to as "Defendants."

workers with accurate and complete statements of hours worked, wages paid, and deductions taken from their paychecks, "including deductions for employee contributions to one or more alleged employment retirement plan(s)." (*Id.* ¶¶ 10-11.)

On February 8, 2021, Plaintiff filed a twelve-count complaint in the Superior Court of New Jersey, Mercer County, for violations of the New Jersey Wage and Hour Law, violation of the New Jersey Wage Payment Law, violation of the New Jersey Consumer Fraud Act, legal and equitable fraud, conversion, breach of fiduciary duty, breach of contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation, unjust enrichment, and restitution. (*See generally* Compl.) Tyrrell removed the matter, asserting that the Court has original jurisdiction pursuant to 28 U.S.C. § 1441 because certain of her state law claims are preempted by the Employee Retirement Income Security Act ("ERISA") and the Fair Labor Standards Act of 1938 ("FLSA"). (Notice of Removal ¶¶ 2-19[2], ECF No. 1.)

## II. **LEGAL STANDARD**

Subsection (a) of 28 U.S.C. § 1441 provides that defendants may remove a state-court civil action to the appropriate federal district court if the district court would have "original jurisdiction" over the matter. 28 U.S.C. § 1441(a). Notably, "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1110 (3d Cir. 1987).) The removing party "carries the burden of proving that removal is proper." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015). In addition, the removing party bears the burden of "showing that at all stages of the

---

[2] As the Notice of Removal contains multiple paragraphs labeled ¶ 2, references herein refer to Section D.

2

litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

Section 1331 of Title 28 provides that district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action "arises under" federal law, and removal is proper, when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir. 1995) (citing *Franchise Tax Bd. v. Const. Laborers Vacation Tr.*, 463 U.S. 1, 9-12 (1983)). One recognized exception to the well-pleaded complaint rule is the doctrine of complete preemption. This doctrine "recognizes 'that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399 (3d Cir. 2004). Significantly, the *Pascack Valley* complete preemption test is a "heavy burden for defendants to carry." *Steel Valley Auth.*, 809 F.2d at 1010.

In *Metropolitan Life Insurance Co. v. Taylor*, the Supreme Court held that the doctrine of complete preemption applies to "state law causes of action which fit within the scope of ERISA's civil-enforcement provisions" found in § 502. *Dukes*, 57 F.3d at 354 (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)). A claim is within the scope of § 502 if "(1) the [plaintiff] could have brought [her] . . . claim under § 502(a), and (2) no other legal duty supports the [plaintiff's] claim." *Pascack Valley*, 388 F.3d at 400 (citing *Aetna Health Inc. v. Davila*, 532 U.S. 200, 211-12 (2004)). This test is conjunctive, and a state-law cause of action is completely preempted only when both prongs of the test are satisfied. *N.J. Carpenters & The Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014). Section 502(a)(1)(B) provides that a civil action may be brought "by a participant or beneficiary . . . to recover benefits due to [her] under the terms

3

of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

### III. DISCUSSION

Tyrrell asserts that "[b]ecause Plaintiff is attempting to enforce her alleged rights under ERISA, [her] claims fall within the scope of ERISA's civil enforcement mechanism such that [her] state law claims are completely preempted, [and] converted into federal [claims] for the purposes of the well-pleaded complaint rule." (Notice of Removal ¶ 19.) The Court finds, however, that Tyrrell has not met her heavy burden under *Pascack Valley*.

Here, Tyrrell does not show the fundamental ingredient for ERISA preemption: an ERISA plan. Significantly, "[w]hether the civil enforcement mechanisms of § 502(a)(1)(B) preempt [p]laintiffs' claims will depend on whether the [r]etirement [a]greements are 'plans' governed by ERISA." *Coggins v. Keystone Foods*, 111 F. Supp. 3d 630, 635 (E.D. Pa. 2015). "An ERISA plan 'is established if from the surrounding circumstances a reasonable person can ascertain [1] the intended benefits, [2] a class of beneficiaries, [3] the source of financing, and [4] procedures for receiving benefits." *Id.* (quoting *Menkes v. Prudential Ins. Co.*, 762 F.3d 285, 290 (3d Cir. 2014)).

To start, Tyrrell makes no representations whatsoever regarding the existence of a retirement plan in any of her filings. For example, Tyrrell's Notice of Removal states as follows:

> *Upon information and belief,* the retirement plans to which Plaintiff refers in the Complaint are covered employee benefit plans under ERISA because they "provide[] retirement income to employees" or "result[] in deferral of income by employees for periods extending to the termination of covered employment or beyond[,] 29 U.S.C. § 1002(2)(A), and because the Company is "engaged in commerce or in an[] industry or activity affecting commerce[,]" 29 U.S.C. § 1003(1)(1).

(Notice of Removal ¶ 12 (emphasis added).) In addition, Tyrrell's opposition brief solely parses the Complaint's allegations and completely avoids any representations about whether Defendants created a retirement plan. (*See generally* Def.'s Opp'n Br., ECF No. 12.) Shortly following

4

submission of her reply brief, Plaintiff filed correspondence regarding Cumming's assertion in the parties' joint discovery plan "that the Copper River Defendants ultimately never created, established, or funded a retirement plan."[3] (Pl.'s Letter 1, ECF No. 14.) In response, Tyrrell largely ignored Cumming's assertions.

Instead, Tyrrell dodges by pointing to another case from this District, where the court apparently concluded that "allegations involving the failure to create, fund, or account [sic] a retirement plan" were "completely preempted by ERISA." (Def.'s Letter *2-3, ECF No. 15 (citing *Torsiello v. Strobeck*, 955 F. Supp. 2d 300 (2013).) The Court does not find Tyrrell's arguments persuasive. First, the Court decided *Torsiello* on a motion to dismiss, rather than a motion to remand, and the *Torsiello* plaintiff took "no position" on the issue of whether ERISA completely preempted his claims. 955 F. Supp. 2d at 307. Second, even if a Complaint's allegations control for purposes of determining the propriety of removal, Plaintiff's Complaint in the present matter is ambiguous regarding the existence of a plan. Tyrrell even acknowledges that "some of Plaintiff's allegations in the Complaint appear to straddle the fence as to whether or not a plan was actually created." (Def.'s Opp'n Br. 14.) Tyrrell, nevertheless, argues that "[a] fair reading of the Complaint as a whole indicates that the assertion of liability . . . includes Defendants' alleged failure to fund and/or properly administer an existing retirement plan." (*Id.* at 14-15.)

The Court disagrees with Tyrrell's interpretation of the Complaint and finds the analysis in *Newton v. South Jersey Paper Products Co.* instructive. In *Newton*, a company removed a state court action to the District of New Jersey, asserting that a former employee's alleged state law claims were preempted by ERISA. 2020 WL 2059954, at *1 (D.N.J. Apr. 29, 2020). The company argued that a long-term disability plan was an employee benefit plan under ERISA and that the

---

[3] Cumming, consequently, stated that he intends to file a motion to dismiss the claims against him. (Pl.'s Letter 1.)

plaintiff was a participant under ERISA. *Id.* at *3. The *Newton* plaintiff, however, argued that because there was no long-term disability plan, she was not the type of party that could bring a claim under ERISA. *Id.* at *3. The *Newton* Court agreed:

> As [p]laintiff makes clear, she asserts her state law claims based on the absence of benefits under a policy that would have been governed by ERISA if such a policy had still been in effect, not a claim to seek benefits under the policy. That such a policy might become a measure of her common law breach of contract action does [not] convert such a claim into one for benefits. It is simply nonsensical for [d]efendant to assert that [p]laintiff seeks to enforce her rights under a policy that does [not] exist.

*Id.* The *Newton* Court, accordingly, found that the company "ha[d] not carried its heavy burden under *Pascack*." *Id.* The *Newton* Court ultimately found that it lacked removal jurisdiction over the case and granted the plaintiff's motion to remand. *Id.* So too here. Specifically, Tyrrell has not demonstrated that Plaintiff is the type of party—a participant or beneficiary—who can bring a claim under § 502(a)(1)(B). As in *Newton*, it is simply nonsensical for Tyrrell to assert that Plaintiff seeks to enforce her rights under a policy that does not appear to exist.[4]

After careful consideration, the Court finds that Tyrrell has not met her heavy burden of showing that her case is properly before the federal court. *Samuel-Bassett*, 357 F.3d at 396. The Court, accordingly, remands this matter.[5]

---

[4] Tyrrell also opposed Plaintiff's alternative request for jurisdictional discovery regarding the Court's subject matter jurisdiction. (Def.'s Opp'n Br. 17; Def.'s Letter 3.)

[5] Tyrrell's Notice of Removal also asserts that Plaintiff's "state law claims are preempted to the extent they are based on the same facts and circumstances as claims for minimum wage and overtime, which are directly covered by the FLSA." (Notice of Removal ¶ 3.) But Tyrrell's opposition brief does not substantively address FLSA preemption. Instead, Tyrrell sets forth the procedural posture of the matter and notes that Plaintiff previously filed an action that contained an FLSA claim. (Def.'s Opp'n Br. 1-2.) Plaintiff, however, voluntarily dismissed her original complaint and subsequently filed the present Complaint without an FLSA claim. (*Id.* at 2.) Here, the Court analyzes the Complaint before it, which does not contain an FLSA claim. Furthermore, the Court declines to undertake an FLSA analysis where Tyrrell's opposition brief has not adequately raised any substantive FLSA preemption arguments. *See Est. of Millner v. Bayada Nurses, Inc.*, No. 05-3164, 2006 WL 231993, at *2 (D.N.J. Jan. 30, 2006) (citing *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 441 (1990) (Marshall, J., dissenting)) ("This [c]ourt is under no obligation to raise legal arguments overlooked or ignored by the parties.")

IV.     **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to remand is granted. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**